IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WILLIAM ERIC COONTZ,**

        Petitioner,

        v.                                      Civil Action No. 5:22-CV-212
                                                        Judge Bailey

**SHELBY O. SEARLS**

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 30, 2022, petitioner, acting *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a Motion for Leave to Waive State Court Proceeding Pursuant to 28 U.S.C. § (b)(1)(B)(ii) [Doc. 2], a Motion for Appointment of Counsel [Doc. 3], and a Motion for Expedited Relief in the Fair Administration of Justice [Doc. 4]. The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons that follow, the undersigned recommends the Motions be denied and the petition be denied and dismissed for failure to exhaust state remedies.

### II. FACTUAL AND PROCEDURAL HISTORY

    A.    **Conviction and Sentence**

According to the petition, petitioner was convicted on June 4, 2021, of felony failure to appear in the Circuit Court of Barbour County. The petition states that he was

1

sentenced to one to five years. According to the West Virginia Department of Corrections website, petitioner's **projected** release date is October 11, 2022.

### B.     State Habeas Corpus Petition

According to his federal petition, petitioner has filed multiple petitions for habeas corpus with the WVSCA, the most recent of which was filed in April 2022. In his Motion for Leave to Waive State Court Proceedings, petitioner explains that he filed two petitions, one in 2021 and one in 2022, both with the WVSCA under its original jurisdiction, but that neither has been ruled on at this time. On a suggestion from the respondent in his state habeas case, petitioner then filed a habeas petition in the Circuit Court of Barbour County.

### C.     Federal Habeas Petition

On August 30, 2022, petitioner filed this case by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Doc. 1]. Petitioner raises four grounds supporting his petition. First, that he received ineffective assistance of counsel when his counsel failed to appear at an arraignment hearing. Second, that his due process rights were violated when he was placed on the sex offender registration in violation of his plea agreement. Third, that the Court lacked jurisdiction to enter judgment against him because of the ineffective assistance of counsel. Finally, that he was denied his due process rights when the West Virginia State Police placed him on the sex offender registry list for ten years and later changed it to life.

Along with his petition, petitioner filed a Motion for Leave to Waive State Court Proceedings. [Doc. 2]. Petitioner contends that through his three state habeas filings, he has presented the state courts with his claims, that the state process is ineffective, and that he should be permitted to waive his state court proceedings.

## III.  LEGAL STANDARD

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts.

### B.     Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, a federal court uses the "highly deferential lens" mandated by the AEDPA. *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id*. at 300--01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment

that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." **Williams**, 529 U.S. at 365.

### IV.  ANALYSIS

A petition for writ of habeas corpus on behalf of a prisoner in State custody is not to be entertained by a federal court unless the petitioner has first exhausted his State remedies. *See* 28 U.S.C. § 2254(b)(1).  The Supreme Court has held that, to "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." **Baldwin v. Reese**, 541 U.S. 27, 29 (2004).  Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. *See* **Duncan v. Henry**, 513 U.S. 364, 365 (1995); **Castille v. Peoples**, 489 U.S. 346, 349 (1989).

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court. *See* **Duncan**, 513 U.S. at 365–66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").  In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction State habeas corpus proceeding followed by an appeal to the SCAWV. *See* **Moore v. Kirby**, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); see also **Bayerle v. Godwin**, 825 F.Supp. 113, 114 (N.D. W.Va. 1993).  A federal court may only consider those issues the petitioner presented to the State court, and "[a]n

applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [the ADEPA], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, as petitioner acknowledges in his Motion, petitioner has not exhausted any of the claims presented in his petition. The AEDPA provides that **the state** can waive exhaustion through an express waiver by its counsel. *See* 28 U.S.C. § 2254(b)(3). That has clearly not occurred here. To be excused from the exhaustion requirement, petitioner must establish that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). An exception to the general exhaustion requirement "is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." **Duckworth v. Serrano**, 454 U.S. 1, 3 (1981). This is certainly not the case here, where the State has not yet been afforded "a full and fair opportunity" to correct the alleged violation of petitioner's federal rights. Accordingly, the petition should be dismissed and the Motion for Leave to Waive State Court Proceedings. [Doc. 2] should be denied.

The undersigned notes that petitioner has also filed a Motion for Appointment of Counsel [Doc. 3]. The Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings." **Hagie v. Pinion**, 995 F.2d 1062 (4th Cir. 1993) (citing **Pennsylvania v. Finley**, 481 U.S. 551, 556–57 (1987)). In **Pennsylvania v. Finley**, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an

indigent appellant just because an affluent defendant may retain one. 'The duty . . . under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . . .'" 481 U.S. at 556 (quoting **Ross v. Moffitt**, 417 U.S. 600, 616 (1974)). Accordingly, the undersigned recommends that this Motion be denied.

Finally, the undersigned notes that petitioner has also filed a Motion for Expedited Relief in the Fair Administration of Justice [Doc. 4], an Application and Affidavit to Proceed Without Prepayment of Fees [Doc. 7], and a Motion for Leave to Conduct Discovery and Order for Respondent to Produce all Discovery Material [Doc. 10]. Because this case should be dismissed for failure to exhaust, the undersigned recommends that these motions be denied as moot.

## V.  RECOMMENDATION

For the reasons herein stated, the undersigned recommends that petitioner's § 2254 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. It is further recommended that the Motion for Leave to Waive State Court Proceedings. [**Doc. 2**] and Motion for Appointment of Counsel [**Doc. 3**] be **DENIED**, and the Motion for Expedited Relief in the Fair Administration of Justice [**Doc. 4**], Application and Affidavit to Proceed Without Prepayment of Fees [**Doc. 7**], and Motion for Leave to Conduct Discovery and Order for Respondent to Produce all Discovery Material [**Doc. 10**] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written**

7

**objections identifying those portions of the recommendation to which objection is made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: September 19, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE